IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BISHOP GERALD PATTERSON, et al.,<br>    Plaintiff,<br>v.<br>CLINTON KILLIAN, et al.,<br>    Defendants. | No. C 07-00951 CRB<br><br>**MEMORANDUM AND ORDER** |

    This dispute involves the Mt. Zion Spiritual Temple in Oakland, California. Now pending before the Court are the motions to dismiss of defendants "US Attorney" and Clinton Killian. Plaintiffs have not filed an opposition and have not otherwise communicated with the Court. After reviewing the moving papers, including the matters of which this Court takes judicial notice, the Court concludes that oral argument is unnecessary and DISMISSES this action for failure to state a claim and for lack of subject matter jurisdiction.

**BACKGROUND**

    The lead plaintiff, Bishop Eddie Welbon, filed a lawsuit in 2005 in the Alameda Superior Court about the same dispute and against many of the same defendants as are named in this action. On February 7, 2007, the Superior Court, the Honorable Cecilia Castallanos, issued a judgment after a court trial in favor of the defendants. Among other

matters, plaintiff Eddie Welbon was enjoined from using the name "Mt. Zion Spiritual Temple, Inc." and recording deeds in the name of the Temple. The court also deemed various deeds that Welbon had filed in the name of the Temple null and void.

Welbon and others proceeding pro se responded approximately one week later by filing this federal action. The complaint names a litany of defendants, including various attorneys, the State Attorney General and the US Attorney. It also purports to make several federal claims: First Amendment free exercise; First Amendment freedom of association; Freedom of contract and property; Establishment Clause; and Equal Protection. According to the docket, no proofs of service have been filed; however, the US Attorney has moved to dismiss for failure to state a claim and lack of jurisdiction. Also, a lawyer/defendant, Clinton Killian, has moved to dismiss.

**DISCUSSION**

**A.     The complaint fails to state a claim against a government actor**

The amended complaint identifies six government actors/entities in the caption: the US Attorney; the State Attorney General Jerry Brown; the California Secretary of State; Bob Orloff, the Alameda County District Attorney; and Bob Connor, an investigator with the Alameda County District Attorney's Office; and Alameda County Superior Court judge Cecilia Castellanos. The complaint itself, however, does not include any allegations as to the US Attorney, Attorney General Brown or the California Secretary of State. Accordingly, the complaint does not state a claim as to these defendants and the claims against them must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). As it is apparent from the allegations of the complaint that plaintiffs will not be able to state a claim against these defendants, and because plaintiffs have not opposed the motions to dismiss, the dismissal is without leave to amend.

Plaintiffs sue the Honorable Cecilia Castellanos because she granted judgment against them and entered an injunction. They contend she was defrauded by some of the defendants here, and was aware of that fraud, but nonetheless granted judgment against Welbon. Judge Castellanos is entitled to absolute immunity from these charges and therefore the claims

against her, too, must be dismissed. The allegations of the complaint establish that she was acting in her judicial capacity and is therefore entitled to absolute judicial immunity for those acts. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Id. (internal citation omitted).

The only allegations against Alameda DA Investigator John Connor are that he "combine[d] with defendants to maliciously, illegally and intentionally harass, intimidate, abuse the legal processes of the court to interfere, disrupt the Church and its hierarchical order." Complaint ¶ 44. Plaintiffs similarly allege that defendants "influence[d] the Alameda County District Attorney's office to meddle, intertwine, emboss, interweave, insert, and immerse itself into the Church's daily operations, and the Church's internal affairs." Id. ¶ 46. These allegations are far too vague to state a federal claim; accordingly, the claims against John Connor and the Alameda County District Attorney must be dismissed. As plaintiffs have not filed an opposition to the motions to dismiss, and as the allegations of the complaint and the facts set forth in the Alameda Superior Court's judgment demonstrate that leave to amend would be futile, the claims against the Alameda District Attorney defendants are dismissed without leave to amend.

## B.  The complaint fails to state a federal claim

Having dismissed the government actor defendants for failure to state a claim, it becomes apparent that the complaint does not and cannot state a federal claim under section 1983. The only remaining defendants are non-government private actors. Private defendants cannot be liable under this civil rights statue unless they conspired or acted jointly with state actors to deprive the plaintiffs of their constitutional rights. See United Steel Workers of American v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989). As is set forth above, the complaint does not adequately allege such a conspiracy; conclusory allegations of a conspiracy are insufficient. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); see also Stonecipher v. Bray,

3

653 F.2d 398, 401 (9th Cir. 1981) ("Section 1983 allows a party to bring a civil action for constitutional deprivations against persons acting under color of state law").

The section 1981 and 1985(3) claims also fail as a matter of law. These statutes "address equal rights under the law and are intended to protect citizens against racial discrimination." Stonecipher, 653 F.2d at 401. Nowhere in their complaint do plaintiffs allege that they are the victims of racial or other class-based invidiously discriminatory action. The purported claims pursuant to 42 U.S.C. section 1982 fail for the same reason. West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1527 (9th Cir. 1990) ("Racial discrimination must be shown to state a colorable Section 1982 claim.").

Accordingly, all of the federal claims must be dismissed. As leave to amend would be futile for the reasons explained above, the dismissal is with prejudice.

**C.    The Court declines to exercise supplemental jurisdiction**

Without the federal claims there is no basis for federal jurisdiction and the Court declines to exercise supplemental jurisdiction of the remaining state law claims; instead, the state law claims will be dismissed without prejudice.

**D.    Rooker-Feldman Doctrine**

Plaintiffs' complaint must be dismissed for a second reason: it is barred by the Rooker-Feldman doctrine. The Rooker-Feldman doctrine generally bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

Plaintiffs are state-court losers using this action as a "de facto appeal" of the judgment of the Alameda Superior Court. Plaintiffs explicitly seek a declaratory judgment order from this Court declaring the state court judgment vague and overbroad and unconstitutional.

4

1  Complaint at p. 14.  The timing of this action–filed one week after the Alameda Superior
2  Court judgment–further demonstrates that it is an improper attack on a state court judgment.
3  For this reason, too, plaintiffs' complaint must be dismissed.

## CONCLUSION

For the reasons set forth above, the complaint fails to state a federal claim; accordingly, the federal claims are dismissed without leave to amend.  As there is no other basis for federal jurisdiction, and as the Court declines to exercise supplemental jurisdiction of the remaining state law claims, the state law claims are dismissed without prejudice.  The complaint is also dismissed on the alternative ground that it is barred by the Rooker-Feldman doctrine.

**IT IS SO ORDERED.**

Dated: June 5, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE